1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   2806 Van Ness Avenue
3  San Francisco, CA 94109
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900
   Attorneys for Plaintiffs
5  LES JANKEY
   and DISABILITY RIGHTS
6  ENFORCEMENT, EDUCATION,
   SERVICES: HELPING YOU
7  HELP OTHERS

E-filing



8

### UNITED STATES DISTRICT COURT

MEJ

9

### NORTHERN DISTRICT OF CALIFORNIA

10  LES JANKEY, an individual; and
11  DISABILITY RIGHTS ENFORCEMENT,
    EDUCATION, SERVICES: HELPING
12  YOU HELP OTHERS, a California public
    benefit corporation,
13
           Plaintiffs,
14
    v.
15
    KING OF THAI NOODLE HOUSE; LING
16  K. KWOK; and 639 CLEMENT STREET
    INC., a California corporation
17
           Defendants.
18  _____

CASE NO.   1876
Civil Rights

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1  Plaintiffs LES JANKEY, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants LING K.

4  KWOK; and 639 CLEMENT STREET INC., a California corporation and allege as follows:

5  **INTRODUCTION:**

6       1.     This is a civil rights action for discrimination against persons with physical

7  disabilities, of which class plaintiff LES JANKEY and the membership of DREES are members,

8  for failure to remove architectural barriers structural in nature at defendants' KING OF THAI

9  NOODLE HOUSE, a place of public accommodation, thereby discriminatorily denying plaintiffs

10  and the class of other similarly situated persons with physical disabilities access to, the full and

11  equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services,

12  and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the

13  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

14  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

15       1.     Plaintiff LES JANKEY is a person with physical disabilities who, on or about

16  October 30, 2007, January 28, 2008, January 29, 2008, January 30, 2008 and March 20, 2008,

17  was an invitee, guest, patron, customer at defendants' KING OF THAI NOODLE HOUSE, in the

18  City of San Francisco, California.  At said time and place, defendants failed to provide proper

19  legal access to the KING OF THAI NOODLE HOUSE, which is a "public accommodation"

20  and/or a "public facility" including, but not limited to entrance and the unisex restroom. The

21  denial of access was in violation of both federal and California legal requirements, and plaintiff

22  LES JANKEY suffered violation of his civil rights to full and equal access, and was embarrassed

23  and humiliated.

24  **JURISDICTION AND VENUE:**

25       2.    **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.

26  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

27  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

28  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

3.    **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 639 Clement Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

4.    Plaintiff LES JANKEY is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons").  Plaintiff LES JANKEY is a "person with physical disabilities", as defined by all applicable California and United States laws.   Plaintiff has a congenital deformity of both lower extremities. Plaintiff LES JANKEY requires the use of a wheelchair to travel about in public.  Consequently, plaintiff LES JANKEY is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

5.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the

general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

6.    That members of DREES, like plaintiff LES JANKEY, will or have been guests and invitees at the subject KING OF THAI NOODLE HOUSE, and that the interests of plaintiff DREES in removing architectural barriers at the subject KING OF THAI NOODLE HOUSE advance the purposes of DREES to assure that all public accommodations, including the subject KING OF THAI NOODLE HOUSE, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

7.    Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as KING OF THAI NOODLE HOUSE, located at/near 639 Clement Street, San Francisco,  California, or of the building and/or buildings which constitute said public accommodation.

8.    At all times relevant to this complaint, defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, own and operate in joint venture the subject noodle house as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9. At all times relevant to this complaint, defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation are jointly and severally responsible to identify and remove architectural barriers at the subject noodle house pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

**§ 36.201    General**

(b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

28 CFR §36.201(b)

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. The KING OF THAI NOODLE HOUSE, is a restaurant, located at/near 639 Clement Street, San Francisco, California. The KING OF THAI NOODLE HOUSE, its entrance, unisex restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the KING OF THAI NOODLE HOUSE and each of its facilities, its entrance and unisex restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

11. At all times stated herein, plaintiff LES JANKEY was a member of DREES.

12. At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the KING OF THAI NOODLE HOUSE as being handicapped accessible and handicapped usable.

13. On or about October 30, 2007, January 28, 2008, January 29, 2008, January 30, 2008 and March 20, 2008, plaintiff LES JANKEY was an invitee and guest at the subject KING OF THAI NOODLE HOUSE, for purposes of food and beverage.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.     On or about October 30, 2007, plaintiff LES JANKEY attempted to enter the KING OF THAI NOODLE HOUSE and found the door pressure to be extremely excessive with little, or no strike side clearance.  This was compounded because the area in front of the door was not flat and it was sloped.  Plaintiff LES JANKEY stressed and strained himself while attempting to enter the noodle house.

15.     At said time and place, plaintiff LES JANKEY needed to use the unisex restroom. Plaintiff LES JANKEY found that the restroom door swing and the configuration of the restroom prevented entry.  Further, plaintiff noted that the restroom lacked a rear grab bar and that the sink was in a cabinet and the dispenser seemed too far out of reach.

16.     On or about December 20, 2007, plaintiff LES JANKEY wrote the owner of the building and the manager of the KING OF THAI NOODLE HOUSE about the barriers he encountered.  Plaintiff LES JANKEY never received a response.

17.      On or about January 28, 2008, January 29, 2008, January 30, 2008 and March 20, 2008, plaintiff LES JANKEY dined at the KING OF THAI NOODLE HOUSE.  Plaintiff LES JANKEY encountered the same architectural barriers as on October 30, 2007.

18.     At said times and place, plaintiff LES JANKEY on one (1) of the January occasions stressed and strained himself trying to open the door.  On the other three (3) occasions, a patron or passer by on the street opened the door for plaintiff LES JANKEY.

19.     On or about March 20, 2008, plaintiff LES JANKEY returned to the KING OF THAI NOODLE HOUSE.  Plaintiff LES JANKEY could not independently access the restaurant.  A patron assisted plaintiff in the subject noodle house.

20.     At said time and place, plaintiff LES JANKEY was unable to use the restroom. No remedial work had been done.

21.     On or about January 28, 2008, January 29, 2008, January 30, 2008 and March 20, 2008, plaintiff LES JANKEY encountered the same barriers in the unisex restroom as he did on October 30, 2007.  Plaintiff LES JANKEY was not able to use the restroom.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22.    Plaintiff LES JANKEY is informed and believes that the exterior sheet rock wall outside the unisex restroom could be moved out two (2) feet to create a compliant restroom with no loss of seating area.

23.    On all occasions, plaintiff LES JANKEY found that there was no clear path of travel from the front door pass the food area.  Hence, plaintiff LES JANKEY blocked people from entering and exiting because they had to circumvent the wheelchair.

24.    Therefore, at said time(s) and place, plaintiff LES JANKEY, a person with a disability, encountered the following inaccessible elements of the subject KING OF THAI NOODLE HOUSE which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.    lack of an accessible entrance;

b.    lack of a handicapped-accessible unisex public restroom;

c.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

25.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

26.    On or about December 20, 2007, defendant(s) were sent two (2)  letters by or on behalf of plaintiff LES JANKEY advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.   Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

27.    At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff LES JANKEY from receiving the same goods and services as able bodied people and some of which may and did pose

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of

2  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

3  bodily injury.

4       28.    As a legal result of defendants LING K. KWOK; and 639 CLEMENT STREET

5  INC., a California corporation's failure to act as a reasonable and prudent public accommodation

6  in identifying, removing or creating architectural barriers, policies, practices and procedures that

7  denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as

8  alleged herein.

9       29.    As a further legal result of the actions and failure to act of defendants, and as a

10  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

11  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

12  LES JANKEY suffered a loss of his civil rights and his rights as a person with physical

13  disabilities to full and equal access to public facilities, suffered bodily injury on or about October

14  30, 2007 and January 28, 2008,  including, but not limited to, fatigue, stress, strain and pain in

15  wheeling and attempting to and/or transferring up, on, down, to, over, around and through

16  architectural barriers.  Specifically, as a legal result of defendants negligence in the design,

17  construction and maintenance of the existing entry door, plaintiff suffered continuous, repetitive

18  and cumulative trauma to his upper extremities while attempting to wheel up the sloped entrance

19  and  open the door.

20       30.    Further, plaintiff LES JANKEY suffered emotional distress, mental distress,

21  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

22  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

23  person with physical disabilities being denied access, all to his damages as prayed hereinafter in

24  an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

25  distress over and above that usually associated with the discrimination and physical injuries

26  claimed, and no expert testimony regarding this usual mental and emotional distress will be

27  presented at trial in support of the claim for damages.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31.    Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff LES JANKEY's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff LES JANKEY harm as stated herein.

32.    Plaintiff LES JANKEY and the membership of DREES were denied their rights to equal access to a public facility by defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation , because defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation maintained a noodle house without access for persons with physical disabilities to its facilities, including but not limited to the entrance, unisex restroom and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

33.    On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

34.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the KING OF THAI NOODLE HOUSE  to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the  noodle house as a public facility.

35.    Plaintiffs seek damages for violation of their civil rights on  October 30, 2007,  January 28, 2008, January 29, 2008, January 30, 2008 and March 20, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his/her visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff LES JANKEY from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

37.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the   KING OF THAI NOODLE HOUSE  accessible to persons with disabilities.

38.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators of other  noodle houses and other public facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

39.     Plaintiffs are informed and believe and therefore allege that defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, and each of them, caused the subject building(s) which constitute the KING OF THAI NOODLE HOUSE  to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the subject noodle house and were denied full and equal use of said public facilities.  Furthermore, on information and belief, defendants have continued to maintain and operate said  noodle house and/or its building(s)

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of KING OF THAI NOODLE HOUSE and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff LES JANKEY, the membership of plaintiff DREES and the disability community which DREES serves. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

40. On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the KING OF THAI NOODLE HOUSE and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to, communications with invitees and guests, plaintiff LES JANKEY himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the noodle house accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the KING OF THAI NOODLE HOUSE. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other

2  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

3  rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of

4  treble damages per Civil Code §§52 and 54.3.

5      41.    Plaintiff LES JANKEY and plaintiff DREES, on behalf of its membership and the

6  disability community which it serves, consisting of persons with disabilities, would, could and

7  will return to the subject public accommodation when it is made accessible to persons with

8  disabilities.

9  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH
10     DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT,
11     EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
       corporation and Against Defendants LING K. KWOK; and 639 CLEMENT STREET
12     INC., a California corporation , inclusive)
       (42 U.S.C. §12101, *et seq.*)

13     42.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

14  allegations contained in paragraphs 1 through 41 of this complaint.

15     43.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

16  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

17  protect:

18
        some 43 million Americans with one or more physical or mental
19      disabilities; [that] historically society has tended to isolate and
        segregate individuals with disabilities; [that] such forms of
20      discrimination against individuals with disabilities continue to be a
        serious and pervasive social problem; [that] the nation's proper
21      goals regarding individuals with disabilities are to assure equality of
        opportunity, full participation, independent living and economic
22      self-sufficiency for such individuals; [and that] the continuing
        existence of unfair and unnecessary discrimination and prejudice
23      denies people with disabilities the opportunity to compete on an
        equal basis and to pursue those opportunities for which our free
24      society is justifiably famous.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

44.    Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

45.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

46.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

47.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

48.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of KING OF THAI NOODLE HOUSE pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

49.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities

1  involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that

2  plaintiffs complain of herein were and are "readily achievable" by the defendants under the

3  standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was

4  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

5  make the required services available through alternative methods which were readily achievable.

6      50.      On information and belief, construction work on, and modifications of, the subject

7  building(s) of KING OF THAI NOODLE HOUSE  occurred after the compliance date for the

8  Americans with Disabilities Act, January 26, 1992, independently triggering access requirements

9  under Title III of the ADA.

10      51.      Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

11  *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

12  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the

13  basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs

14  are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from

15  returning to or making use of the public facilities complained of herein so long as the premises

16  and defendants' policies bar full and equal use by persons with physical disabilities.

17      52.      42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

18  disability to engage in a futile gesture if such person has actual notice that a person or

19  organization covered by this title does not intend to comply with its provisions".  Pursuant to this

20  section, plaintiff LES JANKEY  has not returned to defendants' premises since on or about March

21  20, 2008, but on information and belief, alleges that defendants have continued to violate the law

22  and deny the rights of plaintiffs and of other persons with physical disabilities to access this public

23  accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) .

24  . . injunctive relief shall include an order to alter facilities to make such facilities readily

25  accessible to and usable by individuals with disabilities to the extent required by this title".

26      53.      Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

27  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

28  the Americans with Disabilities Act of 1990, including but not limited to an order granting

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

2  deemed to be the prevailing party.

3      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

4  **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
5       (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
6       corporation, and Against Defendants LING K. KWOK; and 639 CLEMENT STREET
        INC., a California corporation , inclusive)
7       (California Civil Code §§54, 54.1, 54.3, *et seq.)*

8      54.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

9  allegations contained in paragraphs 1 through 53 of this complaint.

10     55.    At all times relevant to this action, California Civil Code §54 has provided that

11 persons with physical disabilities are not to be discriminated against because of physical handicap

12 or disability.  This section provides that:

13          (a) Individuals with disabilities . . . have the same rights as
            the general public to full and free use of the streets, highways,
14          sidewalks, walkways, public buildings, medical facilities, including
            hospitals, clinics, and physicians' offices, and other public places.
15
       56.    California Civil Code §54.1 provides that persons with disabilities shall not be
16
   denied full and equal access to places of public accommodation or facilities:
17
            (a)(1) Individuals with disabilities shall be entitled to full
18          and equal access, as other members of the general public, to
            accommodations, advantages, facilities, medical facilities, including
19          hospitals, clinics, and physicians' offices, and privileges of all
            common carriers, airplanes, motor vehicles, railroad trains,
20          motorbuses, streetcars, boats, or any other public conveyances or
            modes of transportation (whether private, public, franchised,
21          licensed, contracted, or otherwise provided), telephone facilities,
            adoption agencies, private schools, hotels, lodging places, places of
22          public accommodation, amusement or resort, and other places to
            which the general public is invited, subject only to the conditions
23          and limitations established by law, or state or federal regulation, and
            applicable alike to all persons.
24
            Civil Code §54.1(a)(1)
25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

57.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

58.     Plaintiff LES JANKEY and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' KING OF THAI NOODLE HOUSE.  As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the subject noodle house because of their knowledge and belief that the noodle house is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

59.     On or about October 30, 2007, January 28, 2008, January 29, 2008, January 30, 2008 and March 20, 2008, plaintiff LES JANKEY  suffered violations of Civil Code §§54 and 54.1 in that plaintiff LES JANKEY was denied access to the entrance, unisex restroom and other public facilities as stated herein at the KING OF THAI NOODLE HOUSE  and on the basis that plaintiff LES JANKEY was a person with physical disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

60.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff LES JANKEY suffered physical discomfort, bodily injury on or about October 30, 2007 and January 28, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entrance plaintiff LES JANKEY suffered continuous, repetitive and cumulative trauma to his upper extremities while attempting to wheel up the sloped entrance and open the door at the subject noodle house.

61.     Further, plaintiff LES JANKEY suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

62.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about October 30, 2007, January 28, 2008, January 29, 2008, January 30, 2008 and March 20, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

///

///

63.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*** (On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation  inclusive) (Health & Safety Code §19955, *et seq.*)

64.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 63 of this complaint.

65.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

66.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

public accommodations constructed or altered after that date. On information and belief, portions

of the KING OF THAI NOODLE HOUSE and/or of the building(s) were constructed and/or

altered after July 1, 1970, and substantial portions of the noodle house and/or the building(s) had

alterations, structural repairs, and/or additions made to such public accommodations after July 1,

1970, thereby requiring said noodle house and/or building to be subject to the requirements of Part

5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

additions per Health & Safety Code §19959.

67.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

1982, Title 24 of the California Building Standards Code adopted the California State Architect's

Regulations and these regulations must be complied with as to any alterations and/or

modifications of the KING OF THAI NOODLE HOUSE and/or the building(s) occurring after

that date. Construction changes occurring prior to this date but after July 1, 1970 triggered access

requirements pursuant to the "ASA" requirements, the American Standards Association

Specifications, A117.1-1961. On information and belief, at the time of the construction and

modification of said building, all buildings and facilities covered were required to conform to

each of the standards and specifications described in the American Standards Association

Specifications and/or those contained in Title 24 of the California Building Standards Code.

68.     Restaurants such as the KING OF THAI NOODLE HOUSE are "public

accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq.*

69.     As a result of the actions and failure to act of defendants, and as a result of the

failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

public facilities.

70.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)). Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

71.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of them, to make the subject place of public accommodation readily accessible to and usable by persons with disabilities.

Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

**IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, inclusive)
(Civil Code §51, 51.5)

72.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 71 of this complaint.

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

73. Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating architectural barriers, policies, practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

> This section shall be known, and may be cited, as the Unruh Civil Rights Act.
>
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or **disability** are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.
>
> This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or **disability.**
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.
>
> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

74.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

75.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §42, *et seq.*, as if repled herein.

76.    As a legal result of the violation of plaintiff LES JANKEY's civil rights as hereinabove described, plaintiff LES JANKEY has suffered general damages, bodily injury on or about October 30, 2007 and January 28, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing entrance, plaintiff suffered continuous,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

repetitive and cumulative trauma to his upper extremities while attempting to wheel up the sloped entrance and open the door.

77.    Further, plaintiff LES JANKEY suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs LES JANKEY and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation , inclusive)
(42 U.S.C. §12101, *et seq.*)

1.    For injunctive relief, compelling defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, to make the KING OF THAI NOODLE HOUSE, located at 639 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      For injunctive relief, compelling  defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, to make the KING OF THAI NOODLE HOUSE, located at 639 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.      Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.      Treble damages pursuant to Civil Code §54.3;

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291;

7.      Such other and further relief as the court may deem just and proper.

**III.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff LES JANKEY, and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.      General and compensatory damages according to proof.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, inclusive)
(Health & Safety code §19955, *et seq.*)

1.    For injunctive relief, compelling  defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation, to make the KING OF THAI NOODLE HOUSE, located at 639 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.    For all costs of suit;

4.    For prejudgment interest pursuant to Civil Code §3291;

5.    Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation  inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

VI.    **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff LES JANKEY, and Against Defendants LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation , inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.    General and compensatory damages to plaintiff LES JANKEY according to proof.

Dated: 3/28/08 , 2008        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*

                             By: _____
                                 THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs LES JANKEY and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: 3/28/08 , 2008        THOMAS E. FRANKOVICH
                             *A PROFESSIONAL LAW CORPORATION*

                             By: _____
                                 THOMAS E. FRANKOVICH
                             Attorneys for Plaintiffs LES JANKEY and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

# EXHIBIT A

Les Jankey
6662 86th Place
Westchester, CA   90045

December 20, 2007

Manager
King Of Thai
639 Clement Street
San Francisco, CA 94118

Dear Manager of King Of Thai:

Recently *(or some time ago)* I visited King Of Thai.  As I use a wheelchair, I had problems with the front entrance.  The entrance to the door has a slope and is too hard to open. You can't pull the door open because of this and that.  There is no room to pull up next to the door.  A power door would solve this.  I also had problems with the restroom. The grab bars help, a rear grab bar would also help.  The toilet was too low and the sink is in a cabinet.  So, being in a wheelchair the sink is hard to use.  Put in an open sink.  Last, I couldn't reach the dispenser's. So, you see this is a big big problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months.  I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  I'd like to come back to King Of Thai once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Les Jankey*

Les Jankey
6662 86ᵗʰ Place
Westchester, CA   90045

December 20, 2007

Owner of the building for
King Of Thai
639 Clement Street
San Francisco, CA 94118

Dear Owner of the building for King Of Thai:

Recently *(or some time ago)* I visited King Of Thai.  As I use a wheelchair, I had problems with the front entrance. The entrance to the door has a slope and is too hard to open. You can't pull the door open because of this and that. There is no room to pull up next to the door.  A power door would solve this.  I also had problems with the restroom. The grab bars help, a rear grab bar would also help. The toilet was too low and the sink is in a cabinet.  So, being in a wheelchair the sink is hard to use.  Put in an open sink.  Last, I couldn't reach the dispenser's. So, you see this is a big big problem.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement.  If you cannot do this would you forward my letter to whomever is in charge.  I'd like to come back to King Of Thai once it's accessible to me.  I may still come back before you do the work just because I like the place.  If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you.  If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.    You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

*Les Jankey*