MERRILEE C. MILLER (S.B.N. 157100)
ATTORNEY AT LAW
LAW OFFICES OF WILLIAM J. DIFFENDERFER
One Market, Spear Tower, Suite 2150
San Francisco, CA 94105
Tel: (415)348-4150
Fax: (800) 914-3772

Attorney for Defendant
LING K. KWOK

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES JANKEY, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br>Plaintiffs<br><br>vs.<br><br>KING OF THAI NOODLE HOUSE; LING K. KWOK; and 639 CLEMENT STREET INC., a California corporation<br>Defendants. | Case No.: CV-08-1876-MEJ<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LING K. KWOK**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant LING K. KWOK hereby submits the following answer and affirmative defense to the Complaint for Injunctive Relief and Damages and admit, deny, and allege as follows:

**ADMISSIONS AND DENIALS TO ALLEGATIONS IN THE COMPLAINT**

1.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's disability, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. Defendant admits that the Complaint so alleges.

    1.  (erroneously numbered as Paragraph 1) Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

---
ANSWER AND AFFIRMATIVE DEFENSES                                                                                  1

2. Defendant admits that, as the complaint is presently pled, the court has jurisdiction over this action, including supplemental (referred to as "pendant" in the complaint) jurisdiction over the state causes of action. Defendants expressly reserve, however, the right to petition the court to decline the exercise of supplemental jurisdiction, under 28 U.S.C. 1367(c).

3. Admit.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's disability, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

7. Defendant admits that he is the sole owner of said property and denies that 639 CLEMENT STREET INC. is an owner or lessor of the property. Defendant denies that he is an owner, operator, lessor, or lessee of the business known as KING OF THAI NOODLE HOUSE.

8. Defendant denies he owns and operates in joint venture the subject business. Defendant admits the remaining allegations of this paragraph.

9. Defendant denies he is jointly and severally liable to remove any alleged "architectural barriers" at the subject property. Defendant admits the statute includes the language stated in the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

12. Defendant denies he made any such representations. As to 639 CLEMENT STREET INC, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff needed to use the restroom, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff attempted to enter the subject restaurant, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. Defendant specifically denies he received any such letter and notes that Exhibit A is improperly addressed.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. Furthermore, the phrase "remedial work" is vague.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff visited the subject restaurant or that he was not able to use the restroom, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of denial of the same. Furthermore, Paragraph 24(c) is vague and ambiguous.

25. Defendant denies he had any intent not to comply with the ADA at any time. As to the existence of architectural barriers at the subject property, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

26. Admit to the extent the subject letters so state and that they are attached as Exhibit "A". Defendant denies all remaining allegations of in this paragraph of Plaintiff's complaint.

27. Defendant denies the allegations contained in this paragraph.

| | |
|---|---|
| 28. | Deny as to Defendant; Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to 639 CLEMENT STREET INC, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. |
| 29. | Defendant denies he designed or constructed any portion of the entry door. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to Plaintiff's emotional and mental injuries, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. |
| 30. | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's emotional and mental injuries, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. Defendant admits the remaining allegations of this paragraph regarding the claims Plaintiff is not making. |
| 31. | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which has the effect of denial of the same. |
| 32. | Deny as to Defendant; Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to 639 CLEMENT STREET INC, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. |
| 33. | Defendant denies he has "carried out" any construction alterations. |
| 34. | Defendant admits that Plaintiff seeks said relief. |
| 35. | Defendant admits that Plaintiff seeks said relief. |
| 36. | Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. |
| 37. | Defendant admits Plaintiffs seek said order. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, which has the effect of denial of the same. |

38. Denied.

39. Denied as to defendant; as to 639 CLEMENT STREET INC., Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

40. Defendant denies he has received any such notice and denies the remaining allegations of this paragraph.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. Defendant denies this paragraph as to DREES as it is not a natural person.

**FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990)**

42. Defendant admits the complaint so states.

43. Defendant admits the statute so states.

44. Defendant admits the statute so states.

45. Defendant admits the statute so states.

46. Defendant admits the statute so states.

47. Defendant admits the statute so states. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

49. Defendant admits the statute so states. Admit Plaintiffs make said allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

**ANSWER AND AFFIRMATIVE DEFENSES** 6

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

53. Defendant admits Plaintiffs seek said relief.

**SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE SECTIONS 54, 54.1 AND 54.3 ET SEQ.**

54. Defendant admits the complaint so states.

55. Defendant admits the statute so states.

56. Defendant admits the statute so states.

57. Defendant admits the statute so states.

58. Defendant denies he knowingly or willfully failed or refused to remove any alleged architectural barrier at the subject property. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

60. Defendant denies he operates the subject business or designed or constructed the entrance thereto. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

1  61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

62. Defendant denies he has engaged in any "wrongful conduct". Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

**THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY COD SECTION 19955, ET. SEQ.**

64. Defendant admits the complaint so states.

65. Defendant admits the statute so states.

66. Defendant admits the statute so states. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

67. Defendant admits the statute so states.

68. Admits.

69. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

70. Defendant admits Plaintiffs are seeking said expenses but denies his acts or omissions caused Plaintiffs to incur any legal fees.

71. Defendant admits the complaint so states.

**FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51, ET. SEQ.**

72. Admit the complaint so states.

73. Defendant denies he failed to act reasonably and prudently or that he was negligent per se. Defendant admits the statute includes the language stated in the complaint.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same. Defendant admits the statute includes the language stated in the complaint.

76. Defendant denies he designed or constructed the entrance to said property. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

77. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, as alleged in this paragraph of Plaintiff's complaint, which has the effect of denial of the same.

## **AFFIRMATIVE DEFENSES**

Further, by way of affirmative defense, Defendant alleges as follows:

1. Plaintiffs' complaint fails to state a claim upon which relief may be granted.
2. Process is insufficient.
3. Plaintiffs lack standing to sue.
4. Plaintiffs lack capacity to sue.
5. Plaintiffs have failed to exhaust administrative remedies, or otherwise comply with a condition precedent to filing claims under the statutes upon which Plaintiff rely.
6. Plaintiffs' claims are barred under the doctrine of laches.
7. Plaintiffs failed to provide notice to Defendant of any alleged architectural barriers.
8. Plaintiffs failed to provide notice to Defendant of any access issues at the subject property.

9. Defendant objects to the letter alleged addressed to him attached to Plaintiffs' complaint as Exhibit A since the letter was not properly addressed, was never received by Defendant, and Defendant contends the letter was never deposited for mailing.

10. Plaintiff's claims are barred under the doctrine of unclean hands.

11. Defendants raise any and all defenses set forth in California Civil Code §51, §54, §54.1, §55; California Business and Professions Code § 1720, et seq. and any and all related statutes and rules.

12. Defendants raise any and all defenses set forth in 1990 42 USC §§12101 et seq. and any and all related statutes and rules.

13. Defendants reserve the right to withdraw or allege additional affirmative defenses as investigation and discovery may warrant.

**PRAYER FOR RELIEF**

Therefore Defendant prays for the following relief:

1. Dismissal of Plaintiffs' complaint with prejudice.
2. Judgment for Defendant thereon.
3. Defendant's costs, including reasonable attorney's fees.
4. Such other and further relief as the court may deem just and equitable.

Dated: June 12, 2008                    LAW OFFICES OF WILLIAM J. DIFFENDERFER

BY: _____
MERRILEE C. MILLER
Attorneys for Defendant
LING K. KWOK

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury for all claims for which a jury is permitted.

Dated: June 12, 2008                    LAW OFFICES OF WILLIAM J. DIFFENDERFER

BY: _____
MERRILEE C. MILLER
Attorneys for Defendant
LING K. KWOK

# PROOF OF SERVICE

I, Cris Pacheco, declare:

I am over the age of 18 years and not a party to the within action; I am employed in the County of San Francisco, State of California and my business address is One Market, Spear Tower, Suite 2150, San Francisco, CA 94105. On the date entered below, I served the following documents;

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT LING K. KWOK DEMAND FOR JURY TRIAL**

[X]     **By Mail [C.C.P. §1013A & 2015.5]:** I placed a true and correct copy of the foregoing document, address to the following party(ies) listed below or on the Service List, in a sealed envelope, and following ordinary business practices, placing the envelope for mailing and collection in the Law Offices, William J. Diffenderfer, Managing Attorney in the appropriate place for mail collected for deposit with the United States Postal Service in the City of San Francisco, California.

[ ]     **By Telecopier/Facsimile [California Rules of Court, rule nos. 2003(3), 2005 (I) and 2008(e)]:** A true copy of the aforementioned document was transmitted via facsimile to party(ies) listed below or on the Service list. The transmission was reported as complete and without error. A copy of the transmission report as properly issued by the transmitting facsimile machine is attached hereto. The time, date, and sending facsimile number is reflected on said transmission report.

**Plaintiff's Attorney:**
Thomas E. Frankovich, Esq.
Thomas E. Frankovich, APC
2806 Van Ness Ave
San Francisco, CA, 94109-1426
Tel: (415) 674-8600
Fax: (415) 674-9900

I declare under penalty of perjury in accordance with the laws of the State of California that the foregoing is true and correct, and that this document was executed at San Francisco, California, on June 12, 2008.

_/s/ Cris Pacheco_
Cris Pacheco