1 | LAW OFFICES OF JANET BRAYER
JANET BRAYER (SBN 117397)
2 | 20 California Street, Suite 201
San Francisco, California 94111
3 | Telephone: (415) 445-9555
Facsimile: (415) 445-9541
4
5 | Attorney for Defendantss
KING OF THAI NOODLE HOUSE,
6 | 639 CLEMENT STREET INC.,
A California Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES JANKEY, an individual; and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>KING OF THAI NOODLE HOUSE; LING K. KWOK; and 639 CLEMENT STREET, INC., a California corporation,<br><br>Defendants. | Case No. C 08 01876 MEJ<br><br>**DEFENDANTS KING OF THAI NOODLE HOUSE and 639 CLEMENT STREET, INC., a California Corporation's ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

COME NOW Defendants KING OF THAI NOODLE HOUSE and 639, INC., A California Corporation ("Defendants") answer the Complaint of LES JANKEY, an individual and "DREES" ("Plaintiffs") as follows:

Paragraph 1 of the Complaint: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 1 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 1 (stet) of the COMPLAINT: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 1 of the COMPLAINT, and on that basis, Defendants deny them.

-1-
**DEFENDANTS KING OF THAI NOODLE HOUSE & 639 CLEMENT STREET, INC., a California Corporation ANSWER TO COMPLAINT**

Paragraph 2 of the COMPLAINT: Defendants admit that the court has jurisdiction in this action, including supplemental (referred to as "pendant" in the complaint) jurisdiction over the state causes of action. Defendants reserve the right to petition the court to decline the exercise of supplemental jurisdiction, under 28 U.S.C. 1367(c).

Paragraph 3 of the COMPLAINT: Defendants admit that if Plaintiffs have standing and jurisdiction exists, that venue is proper.

Paragraph 4 of the COMPLAINT: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 6 of the COMPLAINT, and on that basis, Defendants deny them, save as set forth herein. Defendants deny on information and belief that Plaintiff is a physically disabled person who cannot walk and who requires use of a motorized wheelchair for locomotion.

Paragraph 5 of the COMPLAINT: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 5 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 6 of the COMPLAINT: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 6 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 7 of the COMPLAINT: Defendants hereby admit that Defendants operated the restaurant located at 639 Clement. Defendants deny each and every other allegation of paragraph 7 of the COMPLAINT.

Paragraph 8 of the COMPLAINT: Defendants hereby admit that Defendants operated the restaurant located at 639 Clement. Defendants deny each and every other allegation of paragraph 8 of the COMPLAINT.

Paragraph 9 of the COMPLAINT: Defendants hereby generally deny each and every allegation of paragraph 9 of the COMPLAINT.

Paragraph 10 of the COMPLAINT:   Defendants admit that King of Thai Noodle House is a restaurant located at 639 Clement Street.   Defendants lack information sufficient to form a belief as to each and every other allegation in paragraph 10 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 11 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 11 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 12 of the COMPLAINT:   Defendants deny they made any such representations.  As to LING K. KWOK, Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 12 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 13 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 13 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 14 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 14 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 15 of the COMPLAINT:   Defendants admit that the sink was in a cabinet. Defendants lack information sufficient to form a belief as each and every allegation in paragraph 15 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 16 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 16 of the COMPLAINT.  Defendants specifically deny they received any such letter and notes that Exhibit is improperly addressed.

Paragraph 17 of the COMPLAINT:    Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 17 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 18 of the COMPLAINT:    Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 18 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 19 of the COMPLAINT:    Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 19 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 20 of the COMPLAINT:    Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 20 of the COMPLAINT, and on that basis, Defendants deny them.  Furthermore, the phrase "remedial work" is vague.

Paragraph 21 of the COMPLAINT:    Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 21 of the COMPLAINT, that Plaintiff visited the subject restaurant or that he was not able to use the restroom, and on that basis, Defendants deny them.

Paragraph 22 of the COMPLAINT:    Defendants generally deny each and every allegation in paragraph 22 of the COMPLAINT.

Paragraph 23 of the COMPLAINT:    Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 23 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 24 of the COMPLAINT:    Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 24 of the COMPLAINT, and on that basis, Defendants deny them.  Furthermore, paragraph 24(c) is vague and ambiguous.

Paragraph 25 of the COMPLAINT:   Defendants deny they had any intend not to comply with the ADA at any time.  As to the existence of architectural barriers at the subject property, Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 25 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 26 of the COMPLAINT:   Defendants admit that letters are attached as Exhibit A. Defendants generally deny each and every other allegation of paragraph 26 of the complaint.

Paragraph 27 of the COMPLAINT:   Defendants hereby generally deny each and every allegation of paragraph 27 of the COMPLAINT.

Paragraph 28 of the COMPLAINT:   These answering defendants deny each and every allegation of paragraph 28 of the complaint.  As to LING K. KWOK, Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 28 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 29 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 29 of the COMPLAINT, relating to Plaintiff's emotional and mental injuries, and on that basis, Defendants deny them.   Defendants generally deny each and every other allegation  of paragraph 29 of the complaint.

Paragraph 30 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 30 of the COMPLAINT, relating to Plaintiff's emotional and mental injuries, and on that basis, Defendants deny them.

Paragraph 31 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 31 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 32 of the COMPLAINT:   These answering defendants generally deny each and every allegation of paragraph 32 of the complaint.  As to LING K. KWOK, Defendants lack

information sufficient to form a belief as to the Complaint alleged in paragraph 32 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 33 of the COMPLAINT:   Defendants deny they have "carried out" any construction alterations.

Paragraph 34 of the COMPLAINT:   Defendants admit that Plaintiff seeks relief.

Paragraph 35 of the COMPLAINT:   Defendants admit that Plaintiff seeks relief.

Paragraph 36 of the COMPLAINT:   Defendants generally deny each and every allegation in paragraph 36 of the COMPLAINT.

Paragraph 37 of the COMPLAINT:   Defendants generally deny each and every allegation in paragraph 37 of the complaint,  save for admitting that plaintiff seeks an order.

Paragraph 38 of the COMPLAINT:   Defendants generally deny each and every allegation in paragraph 38 of the complaint.

Paragraph 39 of the COMPLAINT:   Defendants generally deny each and every allegation of paragraph 39 of the complaint.

Paragraph 40 of the COMPLAINT:   Defendants deny they have received any such notice and deny the remaining allegations of paragraph 40.

Paragraph 41 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 37 of the COMPLAINT, and on that basis, Defendants deny them.  Defendants deny this paragraph as to DREES, as it is not a natural person.

Paragraph 42 of the COMPLAINT:   Defendants admit the complaint so states.

Paragraph 43 of the COMPLAINT:   Defendants can neither admit nor deny for lack of personal knowledge that "findings" were made and therefore deny each and every allegation of paragraph 43 of the Complaint.  Defendants asserts that the allegations of paragraph 43 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 44 of the COMPLAINT:   Defendants can neither admit or deny for lack of personal knowledge that "Congress stated as its purposed" the language cited therein,   and therefore deny each and every allegation of paragraph 44 of the FAC.  Defendants asserts that the allegations of paragraph 44 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 45 of the COMPLAINT:   Defendants can neither admit or deny for lack of personal knowledge that "Congress passed" certain statutes in relation to one or another statute.   Defendants deny each and every other allegation of paragraph 45 of the complaint.  Defendants assert that the allegations of paragraph 45 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 46 of the COMPLAINT:   Defendants admits that the statute cited contains the language as set forth in the complaint.  Defendants assert that the allegations of paragraph 46 are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 47 of the COMPLAINT:   Defendants admits that the statute cited contains the language as set forth in the complaint.  Defendants assert that the allegations of paragraph 47 are merely conclusions of law to which no responsive pleading by Defendant is required.

Defendants generally denies each and every other allegation contained in paragraph 47 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 48 of the COMPLAINT:   Defendant generally denies each and every allegation in paragraph 48 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 49 of the COMPLAINT:   Defendant generally denies each and every allegation in paragraph 49 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 50 of the COMPLAINT: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 50 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 51 of the COMPLAINT: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 51 of the COMPLAINT, and on that basis, Defendants deny them. Defendants assert that the allegations of paragraph 51, save for allegations regarding plaintiff's intent, are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 52 of the COMPLAINT: Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 52 of the COMPLAINT, and on that basis, Defendants deny them. Defendants assert that the allegations of paragraph 52, save for allegations regarding plaintiff's return to the premises, are merely conclusions of law to which no responsive pleading by Defendant is required.

Paragraph 53 of the COMPLAINT: Defendants admit Plaintiffs seek said relief.

Paragraph 54 of the COMPLAINT: Defendants admit the complaint so states.

Paragraph 55 of the COMPLAINT: Defendants admit the statute so states. Defendants assert that the allegations of paragraph 55 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 56 of the COMPLAINT: Defendants admit the statute so states. Defendants assert that the allegations of paragraph 56 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 57 of the COMPLAINT: Defendants admit the statute so states. Defendants assert that the allegations of paragraph 57 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 58 of the COMPLAINT**:**  Defendants deny they knowingly or willfully failed or refused to remove any alleged architectural at the subject property.  Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 58 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 59 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 59 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 60 of the COMPLAINT:   Defendants ADMIT that they operate the business,  and Deny that they designed or constructed the entrance thereto.  Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 60 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 61 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 61 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 62 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 62 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 63 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 63 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 64 of the COMPLAINT:   Defendants admit the complaint so states.

Paragraph 65 of the COMPLAINT:   Defendants admit the statute so states.  Defendants assert that the allegations of paragraph 65 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 66 of the COMPLAINT:   Defendants admit the statute so states.  Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 66 of the COMPLAINT, and on that basis, Defendants deny them.   Defendants assert that the allegations of paragraph 66 relating to statute are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 67 of the COMPLAINT:   Defendants admit the statute so states.  Defendants assert that the allegations of paragraph 67 are merely conclusions of law to which no responsive pleading by Defendants is required.   Defendants generally deny each and every allegation of paragraph 67.

Paragraph 68 of the COMPLAINT:   Defendants Admit.

Paragraph 69 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 69 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 70 of the COMPLAINT**:**   Defendants admit that Plaintiffs are seeking said expenses but deny his acts or omissions caused Plaintiffs to incur any legal fees.

Paragraph 71 of the COMPLAINT:   Defendants admit the complaint so states.

Paragraph 72 of the COMPLAINT:   Defendants admit the complaint so states.

Paragraph 73 of the COMPLAINT:   Defendants deny they failed to act reasonably and prudently or that or that he was negligent per se.  Defendant admits the statute includes the language stated in the Complaint.  Defendants assert that the allegations of paragraph 73 are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 74 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 74 of the COMPLAINT, and on that basis, Defendants deny them.  Defendants assert that the allegations of paragraph 74 relating to statutory language are merely conclusions of law to which no responsive pleading by Defendants is required.

**DEFENDANTS KING OF THAI NOODLE HOUSE & 639 CLEMENT STREET, INC., a California Corporation ANSWER TO COMPLAINT**

Paragraph 75 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 75 of the COMPLAINT, and on that basis, Defendants deny them.  Defendants admit the statute includes the language stated in the complaint.  Defendants assert that the allegations of paragraph 75 as to statutory language are merely conclusions of law to which no responsive pleading by Defendants is required.

Paragraph 76 of the COMPLAINT**:**   Defendants deny they designed or constructed the entrance to said property.  Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 76 of the COMPLAINT, and on that basis, Defendants deny them.

Paragraph 77 of the COMPLAINT:   Defendants lack information sufficient to form a belief as to the Complaint alleged in paragraph 77 of the COMPLAINT, and on that basis, Defendants deny them.

WHEREFORE, Defendants prays as set forth below.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below under the heading "Affirmative Defenses", Defendants does not thereby allege or admit that this Defendants has the burden of proof with respect to any of said matters, or that Plaintiffs has properly asserted any cause of action against this Defendants.  Without admitting any of the allegations of the COMPLAINT, Defendants alleges separate and affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

The COMPLAINT fails to state Complaint sufficient to constitute a cause of action against these answering  Defendants upon which relief can be granted and that the acts complained of in the COMPLAINT do not constitute a denial of access or evidence a policy of denying access to persons with disabilities.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to act reasonably to mitigate his damages, if any, there might be which Defendants specifically deny.

### THIRD AFFIRMATIVE DEFENSE

Defendants are informed and believes and that on that basis alleges that the alleged claims of Plaintiffs are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have waived any rights, which he might otherwise have arising from any acts, omissions or breaches of Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped to complain of any act or omission on the part of Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Defendants are, and at all relevant times was, in compliance with all applicable statutes, ordinances, laws or regulations that may applicable to the subject property.

### SEVENTH AFFIRMATIVE DEFENSE

All construction and/or reconstruction of the subject property was undertaken and performed in compliance with the affirmative direction by and/or approval of the enforcement agency(ies) having jurisdiction over the property.

### EIGHTH AFFIRMATIVE DEFENSE

The COMPLAINT, and each cause of action thereof, is barred by the applicable statutes of limitation.

## NINTH AFFIRMATIVE DEFENSE

The COMPLAINT, and each cause of action thereof, fails to state Complaints sufficient to constitute a cause of action or claim for statutory damages or attorney fees against these answering Defendants.

## TENTH AFFIRMATIVE DEFENSE

At the time of the incidents alleged in the Plaintiffs' COMPLAINT, Plaintiffs fail to exercise reasonable or ordinary care for their own safety such that the injuries and damages allegedly sustained by Plaintiffs were proximately caused or contributed to by his own negligence. Plaintiffs could have avoided the injury by the exercise of ordinary care.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have unreasonably delayed in bringing this action to the prejudice of the answering Defendants and are therefore barred from bringing this action by the Doctrine of Laches.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are at fault, through their own negligence or otherwise, in and about the matters referred to in the COMPLAINT, and such fault on the part of Plaintiffs proximately caused and contributed to the damages complained of, if any there are. These answering Defendants further alleges that any fault not attributable to Plaintiffs was a result of fault on the part of persons and/or entities other than this answering Defendants. Such fault bars and/or proportionately reduced any recovery by Plaintiffs against these answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Should Plaintiffs recover damages from these answering Defendants, this answering Defendants is entitled to indemnification, either in whole or in part, from all persons or entities whose

negligence and/or fault proximately contributed to Plaintiffs' damages, if any there are.

### FOURTEENTH AFFIRMATIVE DEFENSE

Third persons, including persons or entities unknown to these answering Defendants, intentionally, and/or negligently caused the injuries alleged in Plaintiffs' COMPLAINT; that said acts of these unknown third persons were active, primary, and the proximate cause of the injuries and damages complained of, if any there were any. Plaintiffs' recovery against this answering Defendants, if any, should be reduced by an amount proportionate to the amount by which such other person or entity's negligence and fault contributed to the happening of the alleged damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs lack standing to sue and has not been harmed and will not be harmed in the future;   Plaintiffs lack standing arising from an absence of a redressible injury-in-Complaint, and there is no reality of the threat of repeated injury.  Plaintiffs did not enter the restaurant for purposes of accessing a public accommodation within the meaning of the Title III of the ADA.  Plaintiffs' alleged injury is neither actual or imminent.  Plaintiffs lack standing to challenge any ADA violation unrelated to his particular disability, as alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants allege that, to the extent Plaintiffs alleges failure to remove barriers, his claim fails in whole or in part because there was no legal obligation to remove barriers in the circumstances of this case.   Removal of the barrier is not readily achievable without undue difficulty and expense.  Defendants do not have the resources to remove the barrier.  Existing conditions at the property make it such that removal of the barrier is not readily achievable.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants alleges that Plaintiffs' claims are barred as to any claims based on construction or alterations that preceded Defendants' operation of the subject premises, or any claims based on work performed by occupants other than Defendants, or claims based on conditions subsequent to

Defendants' operation of the premises.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs is not entitled to some or all of the relief sought, and Defendants was not the proximate or legal cause of damage alleged to Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' maintenance of this action is without foundation, vexatious, and unreasonable, entitled Defendants to an award of attorneys' fees in this matter.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that its conduct was lawful and subject to the rule of justification.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that all acts allegedly committed by Defendants were reasonable and in good faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants allege that the alleged barriers do not pose a significant risk to the health or safety of Plaintiffs or individuals with disabilities.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants alleges that Plaintiffs are collaterally estopped from pursuing this action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants alleges that any entry by Plaintiffs into the restaurant at issue was pursuant to the litigation privilege and Plaintiffs are barred from pursuing claims based on such entry.

WHEREFORE, Defendants prays this Honorable Court for the following relief:

1. That Plaintiffs take nothing by reason of his COMPLAINT and that Plaintiffs' action be dismissed with prejudice;
2. For an order that Plaintiffs shall take no relief from his Complaint herein;
3. For an award of Defendants' reasonable attorneys' fees incurred herein; and

    4.    For such and other further relief as the Court deems proper.

Dated: June 16, 2008

                                                            LAW OFFICES OF JANET BRAYER

                                              By:    /S/__Janet Brayer_____
                                                               JANET BRAYER
                                                               Attorneys for Defendants
                                                               THAI SPEED, INC. dba CITIZEN THAI

**DEFENDANTS KING OF THAI NOODLE HOUSE & 639 CLEMENT STREET, INC., a California Corporation ANSWER TO COMPLAINT**